

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Riley
County Auditor, Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. O-5233
Re: In absence of provision
in county budget for ex-
penses of a county agent,
may the county pay for
transporting 4-H Boys
to a district meeting?

We are in receipt of your letter of November 16,
1943, requesting the opinion of this department on the
question stated therein.   Your letter reads as follows:

"According to the last Federal Census
my county has a population of 61,155, and
according to the latest tax roll it has a
valuation of some $24,000,000.00.

"Our county budget for 1943 sets aside
$600.00 for expenses for the County Home
Demonstration Agent, but makes no specific
provision for expenses for the County Agent,
except for salary.

"Under this kind of setup, does the Com-
missioners' Court and County Auditor have
authority to expend county funds to pay the
expenses of the County Agent and Assistant
County Agent for transporting 4-H Boys from
said County to Trinidad for the purpose of
attending a district 4-H Club meeting?"

Article 689a-11, Vernon's Annotated Civil Statutes, provides, in part, as follows:

> * * * * and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the court as amendments to the original budget. * * *"

This department on numerous occasions, construing the above statute has held that a commissioners' court of a county was unauthorized to make changes in a budget after final approval and adoption, except in case of emergency and grave public necessity. In support hereof, we herewith direct your attention to Opinion No. O-1053 and various opinions of this department mentioned therein. We enclose copy of said opinion. Also we are enclosing Opinion No. O-638 regarding the authority of the commissioners' court to expend county funds for transportation of WPA workers engaged in drilling wells, etc.

The facts set out in your letter would indicate that the budget for the county contains no provisions for said expenditure; therefore, such expenditure could not be made.

Furthermore, after a careful search of the statutes, we fail to find any statute authorizing the expenditure under consideration.

We recognize the commendable purpose for which this money is desired to be expended; however, in view of the fact that such expenses are not provided for in the county budget, and in the absence of any law authorizing same, we respectfully answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

W. P. Watts
Assistant

WPW:EP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN